IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEIRDRE O'DOHERTY,<br>          Plaintiff,<br><br>   v.<br><br>URBAN OUTFITTERS, INC.,<br>          Defendant. | :<br>:<br>:<br>:   CIVIL ACTION NO.:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT AND JURY DEMAND**

**I.**    **PARTIES AND JURISDICTION**

1. Plaintiff, Deirdre O'Doherty is an individual and citizen in the State of New Jersey located at 145 Mount Hermon Way, Ocean City, New Jersey.

2. Defendant, Urban Outfitters Inc., was and is now a corporation organized and existing under Pennsylvania law with a place of business located 5000 South Broad Street, Philadelphia, Pennsylvania.

3. The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§1331 and 1337, and the claim is substantively based on the Age Discrimination in Employment Act, Title 28 U.S.C. §626(b) ("ADEA"). The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act, 43 P.S. §951, et seq. ("PHRA").

4. All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") on December 12, 2025. Plaintiff has commenced this action

- 2 -

within ninety (90) days of receipt of said notice.  Plaintiff has satisfied all other jurisdictional prerequisites prior to the commencement of this action.

5.     At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting with the scope of their authority, course of employment and under the direct control of Defendant.

6.     At all times material herein, Defendant has been a "person" and "employer" as defined under the ADEA and PHRA and has been, and is subject to, the provisions of each said Act.

## II.     CAUSES OF ACTION

7.     Plaintiff was employed by Defendant from January 18, 2021, until August 11, 2025, when she was terminated due to the unlawful and discriminatory employment practices complained of herein.

8.     During her employment, Plaintiff held the position of Category Director and was a satisfactory performer in that capacity.  She was never subject to any formal progressive disciplinary action prior to her termination.

9.     Plaintiff was fifty-seven (57) years of age at the time of her dismissal.

10.     Prior to her dismissal, Plaintiff raised issues concerning the performance of a certain substantially younger subordinate employee.

11.     Although she was initially supported by management with respect to critiquing this employee, it was Plaintiff who found herself being criticized for her management style and reprimanded.  Plaintiff defended herself by indicating that she was simply doing her job as directed.

- 3 -

12. Shortly thereafter, Plaintiff was accused of sending another email regarding the said younger employee which was allegedly inappropriate.

13. Plaintiff was abruptly terminated without further explanation or investigation into any alleged wrongdoing on her part.

14. Although Plaintiff requested a copy of the email, including the details showing the date, time and recipients for the same, these were not provided to her for response.

15. Plaintiff believes and avers that if any such email existed, it necessarily pre-dated the occurrences for which he was already disciplined.

16. Defendant maintains a robust progressive disciplinary policy which Plaintiff was required to follow with regard to other younger employees.

17. Plaintiff was subjected to disparate treatment on the basis of her age in that she was afforded no progressive discipline pursuant to Defendant's policies for any alleged transgressions on her part.

18. The illegitimacy of Defendant's investigation was exemplified by their failure to afford Plaintiff the opportunity to respond to these new allegations, or any legitimate progressive discipline, which is routinely afforded to other younger personnel, such as individual whom Plaintiff initially disciplined.

19. Plaintiff believes and therefore avers that she was discharged in a disparate manner due to her age.

20. Plaintiff believes and avers that she was no legitimate business reason existed for her dismissal and that she was terminated due to her age.

## COUNT I
## (ADEA)

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as fully set forth at length herein.

22. The actions of Defendant through its agents, servants and employees in terminating Plaintiff because of her age, constituted a violation of the ADEA.

23. The unlawful discriminatory employment practices engaged in by the Defendant were in violation of the provisions of Title 28 U.S.C. §626(a)(1) and 626(a)(2) of the ADEA.

24. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 28 U.S.C. §626(a) and (1) and 626(a)(2) of the ADEA, Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, future earning power, back pay, front pay and interest due thereon, all of which she claims of Defendant.

## COUNT II
## (PHRA)

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as fully set forth at length herein.

26. The actions of Defendant through its agents, servants and employees in terminating the Plaintiff because of her age, constituted a violation of the PHRA.

27. The unlawful discriminatory employment practices engaged in by Defendant were in violation of the provisions of the PHRA.

- 5 -

28.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, the Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, future earning power, back pay, front pay and interest due thereon all of which she claims of Defendant

29.     Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress, as a result of the Defendant's unlawful actions, as aforesaid.

## PRAYER FOR RELIEF

30.     Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint as fully set forth at length herein.

**WHEREFORE,** Plaintiff requests this Court to enter judgment in her favor and against Defendant, and order that:

(a)     Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(b)     Defendant pay Plaintiff liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses as allowable;

(e)     Defendant pay Plaintiff, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(f)     The Court award such other relief as is deemed just and proper.

- 6 -

## JURY DEMAND

Plaintiff demands trial by jury.

                **LOVITZ LAW FIRM, P.C.**

By: _____
      KEVIN J. LOVITZ, ESQUIRE
      ID # 70184
      1700 Market Street
      Suite 3100
      Philadelphia, PA 19103
      (215) 735-1996 Phone
      (215) 735-1515 Fax
      *Attorney for Plaintiff, Deirdre O'Doherty*